NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 15 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MAUREEN NOLAN,

        Plaintiff - Appellant,

v.

PORTER KIAKONA KOPPER, LLP,

        Defendant - Appellee.

No. 25-1357

D.C. No.
1:23-cv-00271-SASP-WRP

MEMORANDUM*

Appeal from the United States District Court
for the District of Hawaii
Shanlyn A. S. Park, District Judge, Presiding

Argued and Submitted June 22, 2026
Honolulu, Hawaii

Before: N.R. SMITH, MILLER, and JOHNSTONE, Circuit Judges.

Plaintiff-Appellant Maureen Nolan appeals the district court's order denying

her motion for summary judgment and granting summary judgment in favor of

Defendant-Appellant Porter McGuire Kiakona & Chow, LLP ("PMK") on her

claims arising out of the law firm's debt collection efforts on behalf of the

Association of Apartment Owners at Mokuleia Sands. We have jurisdiction under

---

      *    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

28 U.S.C. § 1291, and we affirm.

We review de novo a district court's grant of summary judgment. *Bros. Mkt. LLC No. 2 v. United States*, 172 F.4th 758, 764 (9th Cir. 2026). There is a genuine dispute of material fact when a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

1. The district court correctly determined that PMK's filing of the counter-complaint is not actionable under the Fair Debt Collection Practices Act ("FDCPA"). While the FDCPA applies to the actions of attorneys who regularly engage in consumer-debt-collection activity, *see Heintz v. Jenkins*, 514 U.S. 291, 299 (1995), "communications directed only to a debtor's attorney . . . are not actionable under the [FDCPA]" so long as they are "unaccompanied by any threat to contact the debtor," *Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 936 (9th Cir. 2007) (per curiam). This rule arises from the "FDCPA's purpose of protecting unsophisticated consumers" and applies equally to "legal pleading[s]." *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1032 (9th Cir. 2010).

The counter-complaint here is not actionable because it was served solely on Nolan's attorneys via Hawaiʻi's Judiciary Electronic Filing and Service System. The certificate of service reads, "I hereby certify that a copy of the foregoing document was duly served upon the following parties," and lists only Nolan's attorneys—and not Nolan herself—as the recipients. Although Nolan contends that

by publicly filing the counter-complaint electronically, PMK has "published [it] to the entire world," her argument runs afoul of *Guerrero* by removing the distinction between those who receive the communication and those who can access it. *See* 499 F.3d at 936–40 (holding that settlement letter was not actionable under FDCPA where it was delivered only to attorney and not to debtor, even though Hawai'i Rules of Professional Conduct require that attorneys share settlement offers with their clients, *see* Haw. R. Pro. Conduct 1.4 (1994)); *see also Donohue*, 592 F.3d at 1032 (explaining that FDCPA applied to complaint filed by debt collector because debtor was "personally served with the [c]omplaint" and was "[t]herefore . . . the recipient of the communication"). The district court, therefore, did not err either in granting summary judgment to PMK, or in denying partial summary judgment to Nolan, on her FDCPA claims.

2. The district court correctly granted summary judgment as to Nolan's intentional infliction of emotional distress claim because she did not raise a genuine issue of material fact over whether PMK's filing of the counter-complaint was "outrageous." *See Cornel v. Hawaii*, 37 F.4th 527, 537 (9th Cir. 2022) (quoting *Enoka v. AIG Haw. Ins. Co.*, 128 P.3d 850, 872 (Haw. 2006)). Hawai'i courts construe the term "outrageous" to mean "without just cause or excuse and beyond all bounds of decency." *Enoka*, 128 P.3d at 872 (citation omitted). As the district court noted, not only was there "just cause" because the counterclaim was

compulsory under Hawaiʻi law, *see* Haw. R. Civ. P. 13(a), but Nolan has offered no reasonable basis to find that the actions taken, or numbers quoted, by PMK have gone "beyond all possible bounds of decency." *Enoka*, 128 P.3d at 872 (citation omitted).

    **AFFIRMED.**